UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES KEOWN, </br></br> Petitioner </br></br> v. </br></br> STEVEN SILVA, </br></br> Respondent | ) </br> ) </br> ) </br> ) </br> ) </br> )   Civil Action No. 19-10354-WGY </br> ) </br> ) </br> ) </br> ) </br> ) |

## **ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the Respondent hereby answers the petition for a writ of habeas corpus of the Petitioner, James Keown.

    1(a).    Admitted.

    1(b).    Admitted.

    2(a).    Admitted.

    2(b).    Admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Admitted.

    6(a).    Admitted.

    6(b).    Not applicable.

    6(c).    Admitted.

    7.    Admitted.

8. Admitted.

9(a). Admitted.

9(b). Admitted.

9(c). Admitted.

9(d). Admitted.

9(e). Admitted.

9(f). The Respondent denies the allegations in this Paragraph. Further answering, with respect to the grounds raised by the Petitioner in his direct appeal, the Respondent states that the state court filings will be reproduced in the Respondents' Supplemental Answer, which is incorporated herein, and the documents speak for themselves.

9(g). Admitted.

9(h)(1)-(3). Admitted.

10. Admitted.

11. Not applicable.

12. GROUND ONE:

(a). The Respondent states that this Paragraph contains legal argument and conclusions to which no response is required. If a response is required, the Respondent denies the Petitioner's allegation of a constitutional violation. To the extent that this Paragraph of the petition contains allegations of fact, the Respondent states that the state court record speaks for itself. Further answering, the Respondent denies each and every allegation of fact that does not comport exactly with the state court record of the Petitioner's criminal proceedings.

(b). Left blank. To the extent that the Petitioner's leaving this Paragraph blank

can be construed as an allegation that he exhausted state remedies as to this claim, the allegation states a conclusion of law to which no response is required. If a response is required, the Respondent denies any such allegation.

(c)-(e). The Respondent denies the allegations in these Paragraphs. Further answering, with respect to the grounds raised by the Petitioner in his post-conviction motions and subsequent briefs to the appellate courts, the Respondent states that the briefs will be reproduced in the Respondents' Supplemental Answer, which is incorporated herein, and the documents speak for themselves.

(d). Admitted.

(e). Not applicable.

GROUND TWO:

(a). The Respondent states that the Paragraph contains legal argument and conclusions to which no response is required. If a response is required, the Respondent denies the Petitioner's allegation of a constitutional violation. To the extent that the Paragraph of the petition contains allegations of fact, the Respondent states that the state court record speaks for itself. Further answering, the Respondent denies each and every allegation of fact that does not comport exactly with the state court record of the Petitioner's criminal proceedings.

(b). Left blank. To the extent that the Petitioner's leaving this Paragraph blank can be construed as an allegation that he exhausted state remedies as to this claim, the allegation states a conclusion of law to which no response is required. If a response is required, the Respondent denies any such allegation.

(c). The Respondent denies the allegations in this Paragraph. Further answering,

with respect to the grounds raised by the Petitioner in his post-conviction motions and subsequent briefs to the appellate courts, the Respondent states that the briefs will be reproduced in the Respondents' Supplemental Answer, which is incorporated herein, and the documents speak for themselves.

(d).   Admitted.

(e).   Not applicable.

GROUND THREE:

(a).   The Respondent states that this Paragraph contains legal argument and conclusions to which no response is required.  If a response is required, the Respondent denies the Petitioner's allegation of a constitutional violation.  To the extent that this Paragraph of the petition contains allegations of fact, the Respondent states that the state court record speaks for itself.  Further answering, the Respondent denies each and every allegation of fact that does not comport exactly with the state court record of the Petitioner's criminal proceedings.

(b).   Left blank.  To the extent that the Petitioner's leaving this Paragraph blank can be construed as an allegation that he exhausted state remedies as to this claim, the allegation states a conclusion of law to which no response is required.  If a response is required, the Respondent denies any such allegation.

(c).   The Respondent denies the allegations in this Paragraph.  Further answering, with respect to the grounds raised by the Petitioner in his post-conviction motions and subsequent briefs to the appellate courts, the Respondent states that the briefs will be reproduced in the Respondents' Supplemental Answer, which is incorporated herein, and the documents speak for themselves.

(d). Admitted.

(e). Not applicable.

GROUND FOUR:

(a). The Respondent states that this Paragraph contains legal argument and conclusions to which no response is required. If a response is required, the Respondent denies the Petitioner's allegation of a constitutional violation. To the extent that this Paragraph of the petition contains allegations of fact, the Respondent states that the state court record speaks for itself. Further answering, the Respondent denies each and every allegation of fact that does not comport exactly with the state court record of the Petitioner's criminal proceedings.

(b). Left blank. To the extent that the Petitioner's leaving this Paragraph blank can be construed as an allegation that he exhausted state remedies as to this claim, the allegation states a conclusion of law to which no response is required. If a response is required, the Respondent denies any such allegation.

(c). The Respondent denies the allegations in these Paragraphs. Further answering, with respect to the grounds raised by the Petitioner in his post-conviction motions and subsequent briefs to the appellate courts, the Respondent states that the briefs will be reproduced in the Respondents' Supplemental Answer, which is incorporated herein, and the documents speak for themselves.

(d). Admitted.

(e). Not applicable.

13. The Respondent denies the allegations in this Paragraph. Further answering, with respect to the grounds raised by the Petitioner in his post-conviction motions and

subsequent briefs to the appellate courts, the Respondent states that the briefs will be reproduced in the Respondents' Supplemental Answer, which is incorporated herein, and the documents speak for themselves.

14. Admitted.

15. The Respondent states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

16(a)-(e).   Admitted.

17. The Respondent states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

18. Left blank.  To the extent that the Petitioner's leaving this Paragraph blank can be construed as an allegation that his petition is timely, the allegation states a conclusion of law to which no response is required.

Pursuant to Rule 5, the Respondent's Supplemental Materials will be filed manually.

### First Defense

The petition should be denied because it fails to state a claim upon which relief may be granted.

### Second Defense

The petition should be denied because the Petitioner is not in custody in violation of the Constitution, laws, or treaties of the United States.

### Third Defense

The petition should be denied because the decision of the state court was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C.

§ 2254(d)(1).

### Fourth Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the Petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence.  *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

### Fifth Defense

The petition should be denied to the extent it raises questions of state law that do not allege a violation of the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a).

### Sixth Defense

The Petition should be denied to the extent that the decision of the state court below rests on a state law ground that is both independent of the federal questions the Petitioner presents here and adequate to support the judgment.

### Seventh Defense

The Petition should be denied to the extent that it contains claims that have not been exhausted in the state courts.

### Eighth Defense

The petition should be denied to the extent that any errors at the Petitioner's state trial were harmless, in that they did not have a substantial and injurious effect or influence in determining the jury's verdict.

**Ninth Defense**

The petition should be denied to the extent that it asserts any claims that are barred under Stone v. Powell, 428 U.S. 465 (1976).

The Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,
MAURA HEALEY
Attorney General

/s/ Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2832
BBO # 561669

Dated: May 22, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that this document was served upon

James Keown
W92519
MCI Norfolk
P.O. Box 43
2 Clark Street
Norfolk, MA 02056

by first class mail, postage pre-paid, on May 22, 2019.

/s/ Susanne G. Reardon
Susanne G. Reardon
